NO. 07-05-0282-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2006
_____

JARED DANIEL LITTRELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181st DISTRICT COURT OF POTTER COUNTY;

NO. 50,983-B; HON. JOHN B. BOARD, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Jared Daniel Littrell (appellant) appeals his convictions for murder, aggravated robbery and unlawful possession of a firearm by a felon. The clerk's record was filed on November 14, 2005, the supplemental clerk's record was filed on December 5, 2005, and the reporter's record was filed on December 12, 2005. Thus, appellant's brief was due to be filed no later than January 11, 2006. On January 11, 2006, counsel filed a motion for extension of time to file appellant's brief, which was granted to February 10, 2006. On

February 13, 2006, counsel for appellant filed a second extension request, which was granted to March 6, 2006, with the admonition that no further extensions would be granted and failure to comply with the deadline would result in the appeal being abated and the cause remanded to the trial court. No brief was filed by that date. Instead, on March 7, 2006, counsel for appellant filed a third motion for extension of time to file the brief, requesting an additional 30 days.

Consequently, we abate the appeal and remand the cause to the 181st District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal; and,

2.    whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions

2

of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before April 10, 2006. Should additional time be needed to perform these tasks, the trial court may request same on or before April 10, 2006.

It is so ordered.

Per Curiam

Do not publish.